JOHN TORRENT ET AL. v. PETER DAMM.

*Band and circular sawing—Relative value of each—Evidence—Charge to jury.*

1. On a review of the case the Court failed to find error, and affirmed the judgment.
2. Where no instructions are asked for by defendant, and no exceptions taken to the charge as given, and the court has no intimation that any fuller instructions are desired, the court cannot be censured if what was said was correct.

Error to Muskegon. (Russell, J.) Argued April 29, 1887. Decided May 5, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Clink & Jones,* for appellant.

*Smith, Nims, Hoyt & Erwin,* for plaintiffs.

CAMPBELL, C. J. Torrent, Lange, and Lemieux, who owned a saw-mill together, sawed a lot of logs for Damm, partly with a circular saw and partly with a band saw. The quality of the lumber sawed by the band saw was shown to be better finished, and the waste in sawing very much less, than with the circular saw. The price of sawing with the band saw was claimed to be about twice as much as the price of circular sawing.

Damm refused to pay for any of the lumber more than the sawing price of $1.75 per thousand, which was the price for circular-saw work. This suit was brought to recover the band-saw prices for what was sawed by that process. Plaintiffs recovered below, and defendant appeals.

Some questions of evidence are presented by the argument

which do not seem to us to raise any material point. Some inspector's certificates were produced, but the amount of lumber sawed and delivered was not proved by them except as there was testimony of assent to them, and they were not, so far as we can discover, used for any improper purpose.

It is also objected that Damm should not have been allowed to be questioned concerning what prices he got for band-sawed lumber. But this had some tendency to prove its superiority. There may have been some testimony in rebuttal that was pertinent in the principal case, but this seems to have been really a question of the order of proof, and it does not appear to have been an abuse of discretion, if irregular at all.

The case was put to the jury so as to require the plaintiffs to make out their case either by an original understanding that band sawing was to be done at a higher price, or that in a subsequent conversation it was mutually understood that the higher price was to be given. There was testimony to support this instruction, and it is hardly disputed that it was good law. The rulings do not seem to us open to the criticism that the jury were required to believe what did not convince them.

Neither do we think it was error to instruct the jury that if the contract was in the first instance to saw with the circular, and there was a subsequent arrangement to have a part of it cut with the band saw, defendant should pay for this what band sawing was worth. Under the testimony, the jury could not have misunderstood this charge.

No instructions were asked by defendant, and no exceptions were taken when the charge was given. The court had no intimation that any fuller charge was desired, and cannot be censured if what was said was correct.

The judgment should be affirmed.

The other Justices concurred.